**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES RALPH DAWSON, JR.,

     Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS, ex rel. Joe Ortiz;
BOARD AND COUNTY
COMMISSIONERS OF JEFFERSON
COUNTY; BOARD AND COUNTY
COMMISSIONERS OF ADAMS
COUNTY; BOARD AND COUNTY
COMMISSIONERS OF EL PASO
COUNTY; BOARD AND COUNTY
COMMISSIONERS OF ARAPAHOE
COUNTY; CITY AND COUNTY OF
DENVER,

     Defendants-Appellees.

No. 03-1128

(D.C. No. 02-Z-234 (MJW))
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff James Ralph Dawson, Jr., a Colorado state prisoner appearing pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Dawson, who has been convicted multiple times in the Colorado state courts, is currently in the custody of the Colorado Department of Corrections (DOC) serving an 84-year term of imprisonment as a result of a 1991 criminal conviction. In accordance with the Colorado Restitution Act, Colo. Rev. Stat. § 16-18.5-101 *et seq*., enacted by the Colorado Legislature in 2000, the DOC regularly withholds money from Dawson's inmate account to pay fees and costs imposed in connection with his criminal convictions. Dawson filed his § 1983 action seeking money damages and cessation of the withholdings. His complaint alleged in pertinent part that he had "discharged" all of his pre-1991 criminal convictions by serving the necessary terms of imprisonment and that any withholdings from his inmate account in connection with pre-1991 convictions constituted violations of the Double Jeopardy and Ex Post Facto Clauses of the Constitution. The district court adopted the magistrate judge's recommendation and

dismissed the action.[1]

Dawson's claim against the DOC rests on his misperception that, by serving the requisite terms of imprisonment, he has "discharged" completely all obligations arising from his pre-1991 criminal convictions. As noted by the DOC, Colorado law has long required imposition of money judgments "in favor of the state of Colorado, the appropriate prosecuting attorney, or the appropriate law enforcement agency and against [a person convicted of a criminal offense] for the amount of the costs of prosecution, the amount of the cost of care, and any fine imposed." Colo. Rev. Stat. § 16-11-501(1). Dawson has not brought to our attention any provision of Colorado law that would allow a convicted person to "discharge" such money judgments merely by serving requisite terms of imprisonment. Thus, to the extent he has failed to actually pay the money judgments against him in connection with his pre-1991 criminal convictions, the DOC is authorized by the Colorado Restitution Act to collect money from his inmate account to satisfy those judgments which remain unpaid. Further, as noted by the district court, nothing in the Double Jeopardy Clause or the Ex Post Facto Clause prevents the DOC

---

[1] Dawson's complaint included a procedural due process claim against the DOC as well as claims against five Colorado counties where he previously had been convicted. Dawson did not file timely objections to the magistrate judge's recommendation of dismissal of those claims and those claims are not at issue in this appeal. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991) (discussing circuit's firm waiver rule which "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions").

3

from doing so.[2]  The Colorado Restitution Act does not impose a new financial obligation on Dawson.  The Act merely provides a means for collection of his preexisting obligations.

AFFIRMED.  Dawson's motion to proceed on appeal without prepayment of costs and fees is GRANTED.  Dawson is reminded that he remains obligated to make partial payments until the entire balance of the appellate filing fee is paid.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2]  We have some question as to whether Dawson's claim should have been filed pursuant to § 1983 or as a habeas petition pursuant to 28 U.S.C. § 2241.  We need not decide this question, however, because the withholdings challenged by Dawson clearly do not constitute punishment or otherwise alter his criminal sentences.